Slip Op. 08-118

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
QINGDAO TAIFA GROUP CO., LTD.,               :
:
       Plaintiff,                           :
:
v.                                           :
:  Before: Jane A. Restani, Chief Judge
UNITED STATES,                               :
:  Court No. 08-00245
       Defendant,                           :
:
and                                          :
:
GLEASON INDUSTRIAL PRODUCTS, INC.            :
and PRECISION PRODUCTS, INC.,                :
:
       Defendant-Intervenors.               :
_____:

## OPINION

[Defendant-Intervenors' motion to set aside injunction of liquidation denied.]

Dated: November 4, 2008

      Adduci, Mastriani & Schaumberg, LLP (Louis S. Mastriani and William C. Sjoberg) for the plaintiff.

      Gregory G. Katsas, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini); Irene Chen, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

      Crowell & Moring, LLP (Matthew P. Jaffe and Alexander H. Schaefer) for the defendant-intervenors.

      Restani, Chief Judge: Before the court is defendant-intervenors Gleason

Industrial Products, Inc. and Precision Products, Inc.'s (collectively "Gleason") motion to set aside the injunction of liquidation entered herein on August 22, 2008, on the consent of the then parties. The court will deny the motion.[1]

The outstanding injunction is the normal injunction entered under 19 U.S.C. § 1516a(c)(2)[2] to prevent liquidation of entries during challenges to determinations upon administrative review of antidumping duty orders. The underlying determination at issue here is <u>Hand Trucks and Certain Parts Thereof from the People's Republic of China</u>, 73 Fed. Reg. 43,684 (Dep't Commerce July 28, 2008) (final administrative review). Assuming one is a proper party, which is not disputed as to plaintiff Qingdao Taifa Group Co., Ltd. ("Taifa"), one need only be an interested party to seek the injunctive relief granted here. See 19 U.S.C. § 1516a(c)(2). Gleason admits Taifa is a producer or exporter of the subject merchandise. As such, it is an "interested party," as that term is defined in 19 U.S.C. § 1677(9)(A).[3]

---

[1] Defendant United States characterizes the motion as one for rehearing. That may be an apt description, but the movants, which were not formally parties at the time the injunction was entered, argue against application of the standards for rehearing. The court does not resolve this issue as under any arguably applicable standard movants will not prevail.

[2] 19 U.S.C. § 1516a(c)(2) states:
In the case of a determination described in paragraph (2) of subsection (a) of this section by the Secretary, the administering authority, or the Commission [i.e. reviewable determinations], the United States Court of International Trade may enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

[3] 19 U.S.C. § 1677(9)(A) defines "interested party" as "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise or a trade or business association a majority of the members of which are producers, exporters, or importers of such merchandise."

Court No. 08-00245 Page 3

No extraordinary showing of irreparable harm is required to obtain the injunction sought here. It has long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm. See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) (granting domestic producer injunction of liquidation during challenge to periodic review determination). Also, one need not be an importer to seek relief under 19 U.S.C. § 1516a(c)(2). See id. at 811. Competitive concerns of the domestic producer were one of the determining factors in Zenith. See id. at 810-11. Competition is no less a concern for a foreign producer or exporter than it is for a domestic producer. Therefore, Gleason's argument based on Taifa's lack of its own imports is of no consequence and, as a legal matter, Taifa has established irreparable harm. There is also little doubt that the public interest is served by permitting the court to reach a considered decision regarding the agency's determination as to whether, and in what amount, duties are owed, before precluding the parties from litigating the issue. No harm comes to either side by preserving the status quo.

The only genuine issue raised by Gleason is whether there is a substantial dispute. See FMC Corp. v. United States, 3 F.3d 424, 431 (Fed. Cir. 1993) (upholding denial of injunction under 19 U.S.C. § 1516a(c) where no likelihood of success on the merits). While the burden, as to this factor, is not high in actions such as this when irreparable harm is established, there still must be a substantial question for the court to resolve. See Timken Co. v. United States, 6 CIT 76, 80, 569 F. Supp. 65, 70 (1983); see also Ugine & Alz Belgium v. United States, 452 F.3d 1289, 1295 (Fed. Cir. 2006) (finding merits not so "clear-cut" as to deny injunction on likelihood of success factor).

Court No. 08-00245 Page 4

        Gleason asserts that there can be no substantial question because Taifa received a total-adverse-facts-based rate of duty due to non-cooperation. This, however, does not resolve the matter. Even if the court were to conclude that Taifa should receive an adverse rate, the issue of the appropriate rate to apply remains. Taifa challenges the particular selection of total adverse facts from among the available facts, and the selection of the PRC-wide rate for Taifa, as it asserts it is not government-controlled. The United States itself concedes that the issues here are substantial enough so that the injunction should remain.

        For the court to conclude that success on the merits is as unlikely as Gleason alleges, Gleason would have to make a more specific presentation as to why the usually complicated matter of choice of facts available is so easily resolved against Taifa. It has not done so.

        The motion to set aside the injunction of liquidation is denied.

                            /s/ Jane A. Restani
                              Jane A. Restani
                              Chief Judge

Dated this 4th day of November, 2008.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                                                      Tina Potuto Kimble
                                                      Clerk of the Court

Date: _____     By: _____
                                                                          Deputy Clerk